## UNITED STATES v. GILBERT.
## THE NASSAU CLIPPER.
### No. 9910.

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1942.

Harold B. Finn and Sidney J. Kaplan, Sp. Assts. to Atty. Gen., Francis M. Shea, Asst. Atty. Gen., and J. Frank Staley, Atty., Dept. of Justice, of Washington, D. C., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Wm. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., for appellant.

J. W. Harrell, of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

A libel was brought by the United States against the Gas Screw "Nassau Clipper", to forfeit her under 46 U.S.C.A. § 60. The ground for forfeiture alleged was that M. L. Gilbert did execute an oath for enrollment and license of said vessel, a copy of which was exhibited, and did swear therein that the vessel was wholly the property of

a citizen of the United States, to-wit, said M. L. Gilbert of Holland, Michigan, and did file said oath for the purpose of obtaining registry, enrollment or license of said vessel, and a temporary certificate of enrollment and license was issued; that the enrollment and license so obtained for said vessel was fraudulently obtained and used by said Gilbert, in that he was not the sole owner of said vessel and the said vessel was not wholly his property, but was owned by said Gilbert and divers other persons whose names and addresses are unknown to libellant; and said Gilbert when he executed the oath well knew that it was false. Like charges were made as to another enrollment during the following year. Gilbert claimed the vessel, and filed exceptions to the libel, on which it was dismissed without further hearing. Libellant appeals.

To obtain enrollment of a vessel the same procedure is in general required as for registry. 46 U.S.C.A. § 252. The oath for registry is specified in 46 U.S.C.A. § 19, and includes a detail of the name, place of abode and citizenship of co-owners, and the proportion owned by each. The statute, 46 U.S.C.A. § 60, amended Aug. 5, 1935, 49 Stat. 528, provides: "Whenever any certificate of registry, enrollment, or license * * * is knowingly and fraudulently obtained or used for any vessel, such vessel, with her tackle, apparel, and furniture, shall be liable to forfeiture." No unusual particularity is required in the allegations of a libel for forfeiture. Admiralty Rules 21, 22, 28 U.S.C.A. following section 723. We think this libel sufficiently charges that the certificates of enrollment and licenses for this vessel were knowingly and fraudulently obtained by making an intentionally false oath which suppressed the co-ownership of others. The allegation that the names and addresses of the co-owners are unknown to the libellant excuses not naming them. It may be, as is argued, that the alleged co-owners have only equitable interests which need not have been mentioned in the oath, or that they are all citizens of the United States so that there was no fraudulent purpose in not disclosing them. Those matters may be dealt with if they arise upon a trial. We do not think the libel ought to have been dismissed without hearing.

Reversed.